# SHER TREMONTE LLP

**BY ECF**  March 4, 2025
The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007

    Re:    *Jane Doe v. Sean Combs, et al.*, 24-CV-08813 (JGK)
              <u>**Combs Defendants' Request for a Pre-Motion Conference**</u>

Dear Judge Koeltl:

    We write on behalf of our clients Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants"), pursuant to the Court's Individual Rule III(B), to request a pre-motion conference regarding the Combs Defendants' anticipated motion to dismiss Plaintiff Jane Doe's Complaint (ECF #1, the "Complaint") in its entirety with prejudice.

    Mr. Combs denies the entirely false and salacious claims against him in the Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial. This case, however, should be dismissed at the pleading stage because Plaintiff's single claim, brought under New York City's Victims of Gender-Motivated Violence Protection Law ("GMVL") is time barred and otherwise fails to state a claim upon which relief can be granted.

    Plaintiff alleges that, in 2004, she was sexually assaulted by Mr. Combs at a party in his home in the Hamptons. Plaintiff's GMVL claim is time-barred. Plaintiff's claim expired nearly fifteen years before she commenced this lawsuit (on November 19, 2024) because the assault is alleged to have occurred in 2004, and the statute of limitations for a GMVL claim is seven years. *See* N.Y.C. Admin. Code § 10-1104. And the GMVL's revival window—which purports to extend into 2025 (*see id*.)—does not apply because it is preempted by overlapping New York state laws (the Adult Survivors' Act and Child Victims' Act) governing the revival of sexual assault claims. *See Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *2-3 (S.D.N.Y. Jan. 22, 2025) (holding that the GMVL's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (same). Because the controlling revival windows under New York State law had expired before this action was filed, a longer revival window under New York City's local laws cannot be applied to render the claim timely.

Hon. John G. Koeltl
March 4, 2025
Page 2

Moreover, even if it were timely (it is not), Plaintiff's GMVL claim fails because it is alleged the assault occurred in the Hamptons, which is outside of New York City. The GMVL is inapplicable to conduct occurring outside of New York City, so the law provides no cause of action here. *See Gottwald v. Sebert*, 2016 WL 1365969, at *9 (Sup. Ct. N.Y. Cnty. Apr. 6, 2016) (Kornreich, J.) (GMVL claim "dismissed because the jurisdiction and powers of the City are limited to its geographical borders and [the plaintiff] does not allege any violent acts that occurred in New York City").

Even if Plaintiff had pled a GMVL claim against Mr. Combs (he has not), the claim against the Company Defendants necessarily fails. The GMVL only applied to natural persons, not entities, until it was amended in 2022. As courts in this district have unanimously held (including in a recent case against Mr. Combs), the GMVL therefore cannot be retroactively applied to company conduct pre-dating 2022. *See Doe v. Combs,* No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024) (holding that GMVL cannot be applied retroactively to alleged company conduct pre-dating 2022); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024) (indirect liability claim under GMVL cannot be applied retroactively to conduct pre-dating 2022). Plaintiff alleges she was assaulted nearly twenty years before the GMVL was amended to apply to companies. Consequently, her claim against the Company Defendants necessarily fails.

Moreover, even if the GMVL could be applied to the Company Defendants (it cannot), there are no allegations of specific conduct by them that could render them liable under the GMVL. The Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. The Complaint's vague and conclusory references to the Company Defendants do not suffice to show that they "direct[ed], enable[d], participate[d] in, or otherwise conspire[d] in the commission of a crime of violence motivated by gender" as required to state a GMVL claim against them. N.Y.C. Admin. Code § 10-1104.[1]

Finally, the GMVL claim must fail as against defendants Bad Boy Entertainment LLC and Bad Boy Productions LLC (both formed in 2014) for the additional reason that neither of these entities even existed in 2004, when the assault is alleged to have occurred. *See In re Tronox Inc.*, 549 B.R. 21, 47-48 (Bankr. S.D.N.Y. 2016) ("no conceivable basis" for liability against company relating to "assault, battery, negligence, trespass, nuisance and other similar claims" when the conduct allegedly "occurred at least five years before [company] came into existence").

---

[1] The Complaint also does not comply with the mandate of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a complaint "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Plaintiff simply "lump[s] all the [Company Defendants] together" and "provid[es] no factual basis to distinguish their conduct." *See id.* Accordingly, dismissal for impermissible group pleading is also warranted. *See, e.g.*, *Bardwil Indus. Inc. v. Kennedy*, No. 19 Civ. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Hon. John G. Koeltl
March 4, 2025
Page 3

      For all the foregoing reasons, the Combs Defendants respectfully request a conference with the Court to set a schedule for their anticipated motion to dismiss.

                                        Respectfully submitted,

                                        */s/ Mark Cuccaro*
                                        Michael Tremonte
                                        Mark Cuccaro
                                        Erica A. Wolff
                                        Raphael A. Friedman

CC:  All Counsel of Record (via ECF)